**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Ever Estid ROSALES–HERNANDEZ,**
**Defendant—Appellant.**

**No. 08–10232.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 15, 2009.

Filed June 2, 2009.

Monte Cress Clausen, Assistant U.S., Celeste Benita Corlett, Assistant U.S., USTU–Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Peter A. Matiatos, Law Office of Peter A. Matiatos, Tucson, AZ, for Defendant–Appellant.

Before: D.W. NELSON and CLIFTON, Circuit Judges, and KING,* District Judge.

### MEMORANDUM **

Ever Estid Rosales–Hernandez appeals his thirty-seven month sentence imposed for violating 8 U.S.C. § 1326. He contends his prior conviction for attempted first-degree assault under Nebraska Revised Statutes § 28–308 was not a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii). We have jurisdiction pursuant to 18 U.S.C. § 3742(a)(1), and we vacate and remand for resentencing.

Although the Guidelines are advisory, an incorrect Guideline calculation is procedural error. *See United States v. Carty,* 520 F.3d 984, 993 (9th Cir.2008) (en banc). We review de novo whether a district court's interpretation of the Guidelines was erroneous. *United States v. Grissom,* 525 F.3d 691, 696 & n. 2 (9th Cir.2008).

The government no longer contends here (as the district court had reasoned) that § 28–308 falls within the "catch all" provision in § 2L1.2 cmt. n. 1(B)(iii) ("application note 1(B)(iii)") for crimes having a "use of physical force" element. The government has therefore waived that argument. *See, e.g., Barnett v. U.S. Air,*

*Inc.,* 228 F.3d 1105, 1110 n. 1 (9th Cir. 2000) (en banc) ("[I]ssues not raised in a party's opening brief are waived."), *vacated on other grounds, U.S. Airways, Inc. v. Barnett,* 535 U.S. 391, 122 S.Ct. 1516, 152 L.Ed.2d 589 (2002). Instead, the government argues that § 28–308 is an "aggravated assault" and is therefore an enumerated crime of violence under a different provision of application note 1(B)(iii).

We disagree. Nebraska courts interpret § 28–308 as a general intent crime, where the intent modifies the assault, not the injury. *See State v. Williams,* 243 Neb. 959, 503 N.W.2d 561, 564 (1993). Thus, § 28–308 could punish an intentional assault that intended to cause only "bodily injury" (not "serious bodily injury") or even no injury. *See State v. Cebuhar,* 252 Neb. 796, 567 N.W.2d 129, 134 (1997). Therefore, it could punish a "simple assault" under Model Penal Code § 211.1(1)—and so it does not categorically fit the "generic, contemporary meaning" of "aggravated assault." *See United States v. Esparza–Herrera,* 557 F.3d 1019, 1024–25 (9th Cir.2009) (comparing Arizona aggravated assault statute with Model Penal Code to determine its generic, contemporary meaning).

**VACATED and REMANDED for resentencing.**

---

* The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.